THE STATE OF OHIO *v.* VANCE.

(No. 83-TRP-103-1117— Decided July 13, 1983.)

Clermont County Court.

*Mr. Mark Eckerson,* assistant prosecuting attorney, for plaintiff.

*Mr. William L. Keener,* for defendant.

VORIS, J. This matter came on for hearing on June 30, 1983, on the evidence presented. The ordinance that defendant, Carl Vance, is alleged to have violated is Section 71.19 of the Code of Ordinances of Milford, Ohio. The ordinance reads the same as the former R.C. 4511.20, reckless operation of a motor vehicle.

The evidence established that on

April 25, 1983, defendant was attempting to back his tractor-trailer rig into a commercial establishment for the delivery of some products. Defendant, in so backing his rig, crossed the double yellow line of Lila Avenue upon which street the prosecuting witness was heading in his motor vehicle. This witness testified that as he was proceeding at about twelve to fifteen m.p.h., he first observed defendant's truck. He further testified that "I thought said truck was going to hit me."

The citation alleged that "Defendant swerved from [the] eastbound inside lane to [the] outside westbound lane almost hitting [the] westbound vehicle head on."

Upon conviction in the mayor's court, defendant appealed to this court.

The ordinance at issue was based upon an exact wording of R.C. 4511.20, as effective December 13, 1967. Defense counsel contended that even by admitting the defendant's conduct was as alleged, such conduct does not constitute reckless operation under the local ordinance. Defense counsel also contended that the local ordinance is invalid and unconstitutional for the reason that it conflicts with the new reckless operation statute.

The legislature enacted a new reckless operation statute in March 1983. Defendant was cited in April 1983 but the local ordinance was based upon the statute as it existed prior to March 1983.

It was further testified by the defendant truck driver that he observed the other vehicle just as he was about to cross the double yellow line to back his rig into a narrow driveway. The defendant further testified that it appeared to him that said westerly bound vehicle appeared to have stopped or was stopping to yield to his rig.

While defendant may have been guilty of crossing a double yellow line or an improper lane change, the issue at bar is: Did his conduct, as established by the evidence, testimony and affidavit, establish beyond a reasonable doubt the crime of reckless operation?

It must be proven beyond a reason-able doubt that defendant in the management of his motor vehicle at the time and place in question intentionally acted with knowledge that an injury to another or to property was probable.

The defendant testified he thought that the motor vehicle of the prosecuting witness had stopped and yielded to his vehicle.

Something more than a mere error of judgment is required to justify a conviction for reckless operation.

Defendant's conduct as described in the citation and the testimony does not constitute reckless operation within the meaning of the ordinance. The question of conflict of the statute and the local ordinance is not decided.

Defendant is found not guilty and is ordered discharged.

*Defendant not guilty.*